*EXHIBIT A*

FILED
DEBRA VAN PELT
ISLAND COUNTY CLERK

2015 SEP 10 PM 2: 49



**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF ISLAND**

| | |
|---|---|
| JAMES BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAK HARBOR, a Municipal Entity and Political Subdivision of the State of Washington; the CITY OF OAK HARBOR POLICE DEPARTMENT, a Municipal Corporation; EDGAR GREEN and JANE DOE GREEN, husband and wife, individually and in Edgar Green's Official Capacity as Chief of Police; and TERI GARDNER, individually and in her Official Capacity as a Captain in the Oak Harbor Police Department,<br><br>Defendants. | NO. 15 2 00529 9<br><br>COMPLAINT FOR DAMAGES (FALSE ARREST AND DEFAMATION) |

COMES NOW the Plaintiff, James Bailey, and alleges as follows:

## I. JURISDICTION AND VENUE

1.1. At all times material hereto, the actions of the Defendantss complained of herein occurred in Island County, Washington.

Complaint for Damages- Page 1 of 11

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

ORIGINAL

1.2.  This court has jurisdiction over the subject matter and personal jurisdiction over the parties to this proceeding. Venue is proper in Island County as at least one of the Defendants is a resident of Island County, Washington.

1.3.  On February 20, 2015, prior to the institution of this action, Plaintiff, James Bailey, filed a claim for damages with the City of Oak Harbor, pursuant to RCW 4.96.020. More than 60 days have elapsed since the filing of Plaintiff's claim as required by RCW 4.96.020. The City of Oak Harbor failed to respond in any manner to the Plaintiff's claim.

## II. PARTIES

2.1.  At all times material hereto, Plaintiff, James Bailey, was and is a resident of Island County, Washington. Plaintiff was the victim of an unlawful and unconstitutional arrest in violation of his Fourth and Fourteenth Amendment rights, false arrest, false imprisonment and defamation.

2.2.  Defendant, City of Oak Harbor, is a municipal corporation within Island County, State of Washington.

2.3.  Defendant, City of Oak Harbor Police Department ("OHPD") is a governmental entity organized and functioning under the laws of Washington and is an agency of Defendant, City of Oak Harbor.

2.4.  Defendant, Edgar Green is an individual who is employed, and at all times material hereto was employed, by the City of Oak Harbor as the Chief of Police. Based on information and belief, Defendant Jane Doe Green is the spouse of Edgar Green and all acts complained of herein were committed by Edgar Green as an individual and as a member of his marital community. Defendants Green are residents of Island County, Washington. All of Edgar Green's actions in this case took place within the course and scope of his duties as the City of Oak Harbor police chief. Defendant Edgar and Jane Doe Green are being sued in their individual capacity and not merely in connection with Edgar Green's employment with Defendant City of Oak Harbor.

Complaint for Damages- Page 2 of 11

2.5. Defendant, Teri Gardner ("Gardner"), is employed, and at all times material hereto was employed, by the City of Oak Harbor as the police captain. Gardner is a resident of Island County, Washington. All of Gardner's actions in this case were in the course and scope of her duties as the City of Oak Harbor police captain. Defendant Gardner is sued in her individual capacity and not merely in connection with Gardner's employment with Defendant City of Oak Harbor.

2.6. This action is being brought pursuant to the Fourth and Fourteenth amendments to the United States Constitution; Article 1, Section 7 of the Washington State Constitution; 42 USC Sec. 1983; and Washington State law prohibiting false arrest, false imprisonment, intentional infliction of emotional distress and defamation.

2.7. This action is further premised on Oak Harbor Police Department's Chief, Ed Green, has ratified and encourages this illegal action under his direct supervision. Based upon the Plaintiff's information and belief, the improper stop, detention, and imprisonment of the Plaintiff was part of the pattern or practice of the City of Oak Harbor Police Department.

### III. PERTINENT FACTS

3.1. On or about August 6, 2014, Plaintiff, James Bailey ("Bailey") was driving his vehicle in Oak Harbor, Washington when he observed another vehicle in the middle of the roadway. The observed vehicle stopped and started at least three (3) times.

3.2. Bailey also observed what appeared to be a physical altercation occurring between the male and female occupants of the stopped vehicle.

3.3. Bailey safely parked his vehicle and approached the driver's side of the motionless vehicle where he saw the female driver being physically assaulted by the male passenger, who was then striking her with his hand. Bailey attempted to separate the two occupants of the vehicle by asking the male passenger to get out of the car.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

3.4. An individual bystander, two or three houses away from the altercation, later identified as Christopher Kinkel, asked Bailey if he needed help. Bailey responded by asking Mr. Kinkel to call "9-1-1."

3.5. Mr. Kinkel arrived at Bailey's location and handed Bailey a cellular telephone which was already connected to the OHPD dispatcher. Bailey informed the ICOM dispatcher of his name and that he had witnessed a domestic violence altercation and provided the dispatcher the license plate of the involved vehicle.

3.6. Officers from the OHPD arrived at Bailey's location shortly after the call and began an investigation of the incident. Bailey remained at the scene and provided a written statement.

3.7. On or about September 10, 2014, at the direction of Defendants Green and Gardner, Detective Jim Hoagland of the OHPD contacted Bailey in the Oak Harbor Safeway (now Haggen's) parking lot when Bailey was preparing to go for a daily run.

3.8. Detective Hoagland asked to speak with Bailey about the domestic violence incident and Bailey complied with the Detective's request.

3.9. Immediately thereafter, in front of a large number of passers-by, Bailey was placed in handcuffs by another OHPD officer and was informed he was under arrest. Bailey was then placed in the back of a police patrol car and treated as a criminal suspect.

3.10. Bailey was advised that he was under arrest for Criminal Impersonation in the Second Degree, a gross misdemeanor, under RCW 9A.60.045.

3.11. At the time of Bailey's arrest, the OHPD had not obtained an arrest warrant from any court nor did any facts support those exceptions to the arrest warrant requirement described in RCW 10.31.100.

3.12. Bailey was transported to the Oak Harbor police station and placed in the "breathalyzer room" and was left there for an hour.

3.13. When an officer from the OHPD finally attended to Bailey, Bailey requested to speak with a lawyer. Instead of honoring Bailey's request, Bailey was placed in a holding

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

cell for another seven hours. Employees of the OHPD made no efforts to place Bailey in touch with a lawyer despite his detention and clear request for counsel.

3.14. In connection with Bailey's arrest, officers from the OHPD impounded his vehicle even though it was not the same vehicle he was driving at the time Bailey witnessed the domestic violence incident. Upon searching Bailey's vehicle, police found a forty year old, Radio Shack, police and fire radio scanner that Bailey uses in connection with his part time job with Wallin Funeral Home.

3.15. While Bailey was still in custody, officers of the OHPD executed a search warrant on Bailey's person, vehicle and home. During the search, the police ransacked Bailey's home and removed items such as a barbershop men's chorus uniform that was a "clown style'" police uniform; and a thirty year old "light bar" that a former lieutenant and Bailey used when they participated in parades to represent the police department's DARE program.

3.16. After Bailey's illegal arrest and detention, the Oak Harbor Police Department, through its police chief Edgar Green, issued a "press release" describing the City's version of the August 6, 2014, events and Bailey's involvement. The press release specifically stated that Bailey "identified himself as a retired police officer" and directed an individual to call "9-1-1" because an "officer needed assistance". The press release further stated that James Bailey may have benefitted financially by portraying himself as a police officer for many years and requested that "victims" to come forward.

3.17. The story depicted by the OHPD  and Edgar Green was broadcast on local and national media outlets, including the Associated Press and FoxNews, subjecting the Bailey to extreme embarrassment, humiliation and a loss of his reputation.

3.18. After the press release was issued, Bailey was contacted by telephone and at his home by several news agencies for comment.

3.19. The OHPD's version of the incident, as described in the press release by Edgar Green, was false and misleading subjecting Bailey to extreme embarrassment, humiliation and loss of his reputation.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

3.20. All actions of the officers of the OHPD described herein were done at the request and with the supervision and direction of Defendant, Gardner.

3.21. Prior to the incident that gave rise to the Plaintiff's false arrest and imprisonment, Defendant, Gardner had been attempting, without success, to acquire evidence of criminal conduct on the part of Bailey similar to that for which he was falsely arrested and accused in August of 2014.

3.22. Based on the actions and recommendations of the Defendants, the City of Oak Harbor, through the City Attorney's office, issued a criminal citation to Plaintiff James Bailey on September 10, 2014, in City of Oak Harbor Municipal under Court Cause No. C67502. The City of Oak Harbor promptly dismissed the charges on September 16, 2014, stating that the case was still "under investigation".

3.23. No action has been taken Defendants to prosecute this matter.

## IV. STATEMENT OF DAMAGES

4.1. As a direct and proximate result of the intentional acts of Defendantss, Plaintiff was deprived of his Fourth amendment rights, including deprivation of liberty, pain and suffering, and injury, the nature and extent of which will be established at trial.

4.2. As a further, direct and proximate result of the intentional acts of Defendantss, Plaintiff was required to retain legal counsel to protect and vindicate his rights in this court, the actual amount and cost of those services to be established at the time of trial. Bailey is entitled to be reimbursed for those costs and fees.

4.3. As a further, direct and proximate result of the intentional acts of Defendantss, Plaintiff was unlawfully forced to endure several hours of imprisonment and then local, regional and national scrutiny from the media, with a great deal of legal and societal consequences and impact upon his person and reputation.

4.4. As a further, direct and proximate result of the intentional acts of Defendantss, Plaintiff is entitled to financial compensation for the infringement of his constitutional

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

rights and the personal harm that the Defendantss inflicted upon him, and the chilling effect Defendantss' actions had on the exercise of Plaintiff's constitutionally protected rights.

## V. CAUSES OF ACTION

**A.    Violation of Civil Rights: 42 USC 1983**

5.1. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.2. As set forth above, on or about September 10, 2014, Defendant Ed Green and Defendant,  Teri Gardner, acting under the color of the law,  instructed subordinate officers to unlawfully  search and seize Plaintiff without probable cause and without a warrant in violation of the Fourth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

5.3. At all times material hereto, Defendant Green and Defendant Gardner were employees of the City of Oak Harbor and acting within the course and scope of their employment and authority.

5.4. Because Defendant Green and Defendant Gardner were acting in furtherance of and within the course and scope of their employment, Defendant City of Oak Harbor is liable under the theory of *respondeat superior*.

5.5. As a direct and a proximate result of the Defendantss' conduct, the Plaintiff is entitled to recover judgment herein, against the Defendantss, jointly and severally, in an amount to be determined at trial.

**B.    Violation of Washington Constitution Art. 1 § 7**

5.6. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

5.7. As set forth above, on or about September 10, 2014, Defendant Green and Defendant Gardner, acting under the color of the law, instructed subordinate officers to unlawfully search and seize Plaintiff without probable cause and without a warrant in violation of Plaintiff's right to freedom from unreasonable seizure as guaranteed by the Washington Constitution Article 1, Section 7.

5.8. At all times material hereto, Defendant Green and Defendant Gardner were employees of the City of Oak Harbor and acting within the course and scope of their employment and authority.

5.9. Because Defendant Green and Defendant Gardner were acting in furtherance of and within the course and scope of their employment, Defendant City of Oak Harbor is liable under the theory of *respondeat superior*.

5.10. As a direct and a proximate result of the Defendantss' conduct, the Plaintiff is entitled to recover judgment herein, against the Defendantss, jointly and severally, in an amount to be determined at trial.

**C. False Arrest**

5.11. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.12. Defendants detained and arrested Plaintiff for an alleged violation of the law that Defendants knew or should have known that the Plaintiff, Bailey had not committed.

5.13. There was no factual or legal basis for  warrantless arrest and imprisonment of Bailey under the facts known to the Oak Harbor Police Department.

5.14. Defendants' detention, seizure and arrest of Plaintiff without probable cause or warrant, violated Plaintiff's rights under Article 1 of the Washington State Constitution, Section 7.4, and further resulted in the malicious prosecution which followed, and the resulting harm to Plaintiff caused as a result.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

5.15. The conduct of Defendantss was willful, malicious, oppressive and/or reckless, and was of such a nature that damages should be imposed an amount commensurate with wrongful acts herein alleged.

5.16. As a direct and proximate result of the acts complained of herein, Plaintiff has suffered general and special damages in amounts to be proven at the time of trial herein and to be set by the court.

**D. False Imprisonment**

5.17. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.18. As a result of the false arrest detailed above, Plaintiff was arrested, taken to jail, and detained for hours without cause or justification.

5.19. Plaintiff was unjustly deprived of his liberty for that period of time and subjected to abuses therein.

5.20. As a direct and proximate result of the acts complained of herein, Plaintiff has suffered general and special damages in amounts to be proven at the time of trial herein and to be set by the court.

**E. Defamation**

5.20. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.21. The statements made by the Defendant and/or on behalf of Defendants by Chief Edgar Green about Plaintiff in the aforementioned press release and in public, were and are false.

5.22. The Defendants were negligent, reckless, malicious and/or acted intentionally in making these defamatory statements.

5.23. The statements made by the Defendants were "published" by the Defendants to persons other that Plaintiff.

Complaint for Damages- Page 9 of 11

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

5.24. As a direct and a proximate result of the Defendants's actions and conduct, the Plaintiff, Bailey, is entitled to an award of damages, against the Defendantss, jointly and severally, in amounts to be proven at the time of trial herein and to be set by the court.

## F. Defamation Per Se

5.25. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.26. The statements made on behalf of Defendant City of Oak Harbor and OHPD, by Chief Edgar Green about Plaintiff were and are false and misleading.

5.27. The Defendants were negligent, reckless, malicious and/or intentional in making these defamatory statements.

5.28. The statements made by the Defendants were published by the Defendants to persons other that Plaintiff.

5.29. The statements exposed Plaintiff to hatred, harassment, contempt, ridicule or obloquy, and deprived him of the benefit of public confidence or social intercourse.

5.30. As a direct and a proximate result of the Defendants's conduct, the Plaintiff is entitled to recover judgment herein, against the Defendants, in amounts to be proven at the time of trial herein and to be set by the court.

## G. Intentional Infliction of Emotional Distress/Outrage

5.31. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.32. Defendant Green's and Defendant Gardner's conduct towards Plaintiff is extreme and outrageous, going beyond the bounds of common decency.

5.33. At all times material hereto, Defendants Green and Gardner were employees of the City of Oak Harbor and acting with in the course and scope of their employment and authority.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

5.34. As set forth above, Defendants Green and Gardner intentionally sought to embarrass, harass and humiliate Plaintiff.

5.35. Because Defendant Green and Defendant Gardner were acting in furtherance of and within the course and scope of their employment, Defendant City of Oak Harbor is liable under the theory of *respondeat superior*.

5.36. As a direct and a proximate result of the Defendants' conduct, the Plaintiff has suffered extreme emotional distress and is entitled to recover judgment herein, against the Defendants in an amount to be determined at trial.

## VI. REQUEST FOR RELIEF

6.1. Damages in an amount to be proven at trial for false arrest, false imprisonment, defamation, intentional infliction of emotional distress and constitutional violations.

6.2. For punitive damages, as permitted by federal law, in an amount to be proven at trial for Defendant Green and Defendant Gardner's violation of Plaintiff's constitutional rights.

6.3. Attorney's fees and costs incurred by Plaintiff in pursuing this action as allowed by law, contract or equity; and

6.4. For such other and further relief as the court deems just and equitable.

DATED this 10 day of September 2015.

LAW OFFICES OF CHRISTON C. SKINNER, P.S.

By

CHRISTON C. SKINNER/ #9515
Attorneys for Plaintiff

Complaint for Damages- Page 11 of 11

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

*EXHIBIT B*



OH City Attys Office

RECEIVED
SEP 21 2015

FILED-COPY

SEP 11 2015

DEBRA VAN PELT
ISLAND COUNTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF ISLAND**

| | |
|---|---|
| JAMES BAILEY, | |
| Plaintiff, | |
| v. | NO. 15-2-00529-9 |
| CITY OF OAK HARBOR, a Municipal Entity and Political Subdivision of the State of Washington; EDGAR GREEN and JANE DOE GREEN, husband and wife, individually and in Edgar Green's Official Capacity as Chief of Police; and TERI GARDNER, individually and in her Official Capacity as a Captain in the Oak Harbor Police Department, | **AMENDED COMPLAINT FOR DAMAGES**<br><br>**(FALSE ARREST AND DEFAMATION)** |
| Defendants. | |

COMES NOW the Plaintiff, James Bailey, and alleges as follows:

## I. JURISDICTION AND VENUE

1.1. At all times material hereto, the actions of the Defendants complained of herein occurred in Island County, Washington.

Amended Complaint for Damages- Page 1 of 11

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

1.2. This court has jurisdiction over the subject matter of this proceeding and personal jurisdiction over the parties. Venue is proper in Island County since at least one of the Defendants is a resident of Island County, Washington.

1.3. On February 20, 2015, prior to the institution of this action, Plaintiff, James Bailey, filed a claim for damages with the City of Oak Harbor, pursuant to RCW 4.96.020. More than 60 days have elapsed since the filing of Plaintiff's claim as required by RCW 4.96.020. The City of Oak Harbor failed to respond in any manner to the Plaintiff's claim.

## II. PARTIES

2.1. At all times material hereto, Plaintiff, James Bailey, was and is a resident of Island County, Washington.

2.2. Defendant, City of Oak Harbor, is a municipal corporation within Island County, Washington.

2.3. Defendant, Edgar Green is an individual who is employed, and at all times material hereto was employed, by the City of Oak Harbor as the Chief of Police. Based on information and belief, Defendant Jane Doe Green is the spouse of Edgar Green. All acts complained of herein were committed by Edgar Green as an individual and as a member of his marital community. Defendants Green are residents of Island County, Washington. All of Edgar Green's actions in this case took place within the course and scope of his duties as the City of Oak Harbor police chief. Defendant Edgar and Jane Doe Green are being sued in their individual capacity and not merely in connection with Edgar Green's employment with Defendant City of Oak Harbor.

2.4. Defendant, Teri Gardner ("Gardner"), is employed, and at all times material hereto was employed, by the City of Oak Harbor as the police captain. Gardner is a resident of Island County, Washington. All of Gardner's actions in this case were in the course and scope of her duties as the City of Oak Harbor police captain. Defendant

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

Gardner is sued in her individual capacity and not merely in connection with Gardner's employment with Defendant City of Oak Harbor.

## III. PERTINENT FACTS

3.1. On or about August 6, 2014, Plaintiff, James Bailey ("Bailey") was driving his vehicle in Oak Harbor, Washington when he observed another vehicle in the middle of the roadway. The observed vehicle stopped and started at least three (3) times.

3.2. Bailey also observed what appeared to be a physical altercation occurring between the male and female occupants of the stopped vehicle.

3.3. Bailey safely parked his vehicle and approached the driver's side of the motionless vehicle where he saw the female driver being physically assaulted by the male passenger, who was then striking her with his hand. Bailey attempted to separate the two occupants of the vehicle by asking the male passenger to get out of the car.

3.4. An individual bystander, two or three houses away from the altercation, later identified as Christopher Kinkel, asked Bailey if he needed help. Bailey responded by asking Mr. Kinkel to call "9-1-1."

3.5. Mr. Kinkel arrived at Bailey's location and handed Bailey a cellular telephone which was already connected to the ICOM dispatcher. Bailey informed the ICOM dispatcher of his name and that he had witnessed a domestic violence altercation and provided the dispatcher with the license plate number of the involved vehicle.

3.6. Officers from the Oak Harbor Police Department ("OHPD") arrived at Bailey's location shortly after the call and began an investigation of the incident. Bailey remained at the scene and provided a written statement.

3.7. On or about September 10, 2014, at the direction of Defendants Green and Gardner, Detective Jim Hoagland of the OHPD contacted Bailey in the Oak Harbor Safeway (now Haggen's) parking lot when Bailey was preparing to go for a daily run.

3.8. Detective Hoagland asked to speak with Bailey about the domestic violence incident and Bailey complied with the Detective's request.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

3.9. Immediately thereafter, in front of a large number of passers-by, Bailey was placed in handcuffs by another OHPD officer and was informed he was under arrest. Bailey was then placed in the back of a police patrol car and treated as a criminal suspect.

3.10. Bailey was advised that he was under arrest for Criminal Impersonation in the Second Degree, a gross misdemeanor, under RCW 9A.60.045.

3.11. At the time of Bailey's arrest, the OHPD had not obtained an arrest warrant from any court nor did any facts support those exceptions to the arrest warrant requirement described in RCW 10.31.100.

3.12. Bailey was transported to the Oak Harbor police station and placed in the "breathalyzer room" and was left there for an hour.

3.13. When an officer from the OHPD finally attended to Bailey, Bailey requested to speak with a lawyer. Instead of honoring Bailey's request, Bailey was placed in a holding cell for another seven hours. Employees of the OHPD made no efforts to place Bailey in touch with a lawyer despite his detention and clear request for counsel.

3.14. In connection with Bailey's arrest, officers from the OHPD impounded his vehicle even though it was not the same vehicle he was driving at the time Bailey witnessed the domestic violence incident. Upon searching Bailey's vehicle, police found a forty year old, Radio Shack, police and fire radio scanner that Bailey uses in connection with his part time job with Wallin Funeral Home.

3.15. While Bailey was still in custody, officers of the OHPD executed a search warrant on Bailey's person, vehicle and home. During the search, the police ransacked Bailey's home and removed items such as a barbershop men's chorus uniform that was a "clown style'" police uniform; and a thirty year old "light bar" that a former police lieutenant and Bailey had used when they participated in parades to represent the police department's DARE program.

3.16. After Bailey's illegal arrest and detention, the Oak Harbor Police Department, through its police chief, Edgar Green, issued a "press release" describing the City's version of the August 6, 2014, events and Bailey's involvement. The press release

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

specifically stated that Bailey "identified himself as a retired police officer" and directed an individual to call "9-1-1" because an "officer needed assistance". The press release further stated that James Bailey may have benefitted financially by portraying himself as a police officer for many years and requested "victims" to come forward.

3.17. The story depicted by the OHPD and Edgar Green was broadcast on local and national media outlets, including the Associated Press and Fox News, subjecting the Bailey to extreme embarrassment, humiliation and a loss of his reputation.

3.18. After the press release was issued, Bailey was contacted by telephone and at his home by several news agencies for comment.

3.19. The OHPD's version of the incident, as described in the press release by Edgar Green, was false and misleading subjecting Bailey to extreme embarrassment, humiliation and loss of his reputation.

3.20. All actions of the officers of the OHPD described herein were done at the request and with the supervision and direction of Defendant Gardner.

3.21. Prior to the incident that gave rise to the Plaintiff's false arrest and imprisonment, Defendant Gardner had been attempting, without success, to acquire evidence of criminal conduct on the part of Bailey similar to that for which he was falsely arrested and accused in August of 2014.

3.22. Based on the actions and recommendations of the Defendants, the City of Oak Harbor, through the City Attorney's office, issued a criminal citation to Plaintiff James Bailey on September 10, 2014, in City of Oak Harbor Municipal under Court Cause No. C67502. The City of Oak Harbor promptly dismissed the charges on September 16, 2014.

3.23. No further action has been taken by the Defendants to prosecute this matter.

## IV. STATEMENT OF DAMAGES

4.1. As a direct and proximate result of the intentional acts of Defendants, Plaintiff was deprived of his Fourth Amendment rights, including deprivation of liberty, and was

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

subjected to pain, suffering, and injury, the nature and extent of which will be established at trial.

4.2. As a further, direct and proximate result of the intentional acts of Defendants, Plaintiff was required to retain legal counsel and has incurred legal fees and costs to protect his constitutional rights. Plaintiff is entitled to be reimbursed for those costs and fees.

4.3. As a further, direct and proximate result of the intentional acts of Defendants, Plaintiff was unlawfully forced to endure several hours of imprisonment followed by local, regional and national scrutiny from the media, resulting in substantial legal and societal consequences and impact upon his person and reputation.

4.4.  As a further, direct and proximate result of the intentional acts of Defendants, Plaintiff is entitled to financial compensation for the infringement of his constitutional rights and the personal harm that the Defendants inflicted upon him, and the chilling effect Defendants' actions had on the exercise of Plaintiff's constitutionally protected rights.

## V. CAUSES OF ACTION

### A.    Violation of Civil Rights: 42 USC 1983

5.1. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.2. As set forth above, on or about September 10, 2014, Defendant Edgar Green and Defendant Teri Gardner, acting under the color of the law,  instructed subordinate officers to unlawfully  search and seize Plaintiff, without probable cause and without a warrant, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

5.3. At all times material hereto, Defendant Green and Defendant Gardner were employees of the City of Oak Harbor and acting within the course and scope of their employment and authority.

5.4. Because Defendant Green and Defendant Gardner were acting in furtherance of and within the course and scope of their employment, Defendant City of Oak Harbor is liable to the Plaintiff for damages under the theory of *respondeat superior*.

5.5. As a direct and a proximate result of the Defendants' conduct, the Plaintiff is entitled to recover judgment against the Defendants, jointly and severally, in an amount to be determined at trial.

**B.      Violation of Washington Constitution Art. 1 § 7**

5.6. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.7. As set forth above, on or about September 10, 2014, Defendant Green and Defendant Gardner, acting under color of the law, instructed subordinate officers to unlawfully search and seize Plaintiff without probable cause and without a warrant in violation of Plaintiff's right to be free from unreasonable search and seizure as guaranteed by the Washington Constitution Article 1, Section 7.

5.8. At all times material hereto, Defendant Green and Defendant Gardner were employees of the City of Oak Harbor and acting within the course and scope of their employment and authority.

5.9. Because Defendant Green and Defendant Gardner were acting in furtherance of and within the course and scope of their employment, Defendant City of Oak Harbor is liable under the theory of *respondeat superior*.

5.10. As a direct and a proximate result of the Defendants' conduct, the Plaintiff is entitled to recover judgment herein, against the Defendants, jointly and severally, in an amount to be determined at trial.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

**C. False Arrest**

5.11. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.12. Defendants detained and arrested Plaintiff for an alleged violation of the law that Defendants knew or should have known that the Plaintiff Bailey had not committed.

5.13. There was no factual or legal basis for the warrantless arrest and imprisonment of Bailey under the facts known to the Oak Harbor Police Department.

5.14. Defendants' detention, seizure and arrest of Plaintiff without probable cause or warrant, violated Plaintiff's rights under Article 1 of the Washington State Constitution, Section 7.4, and further resulted in the malicious prosecution which followed, and the resulting harm to Plaintiff caused as a result.

5.15. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that damages should be imposed in an amount commensurate with the wrongful acts alleged.

5.16. As a direct and proximate result of the Defendants' actions as alleged in this complaint, Plaintiff has suffered general and special damages in such amounts as may be proven at the time of trial herein and set by the court.

**D. False Imprisonment**

5.17. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.18. As a result of the false arrest detailed above, Plaintiff was arrested, taken to jail, and detained and imprisoned for hours without cause or justification.

5.19. Plaintiff was unjustly deprived of his liberty for that period of time and subjected to abuses therein.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

5.20. As a direct and proximate result of the acts complained of herein, Plaintiff has suffered general and special damages in amounts to be proven at the time of trial herein and to be set by the court.

**E. Defamation**

5.20. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.21. The statements made by the Defendant and/or on behalf of Defendants by Chief Edgar Green about Plaintiff in the aforementioned press release and in public, were and are false.

5.22. The Defendants were negligent, reckless, malicious and/or acted intentionally in making these defamatory statements.

5.23. The statements made by the Defendants were "published" by the Defendants to persons other than the Plaintiff.

5.24. As a direct and proximate result of the Defendants' actions and conduct, the Plaintiff is entitled to an award of damages against the Defendants, jointly and severally, in amounts to be proven at the time of trial and set by the court.

**F. Defamation Per Se**

5.25. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.26. The statements made on behalf of Defendant City of Oak Harbor and OHPD, by Chief Edgar Green about Plaintiff were and are false and misleading.

5.27. The Defendants were negligent, reckless, malicious and/or intentional in making these defamatory statements.

5.28. The statements made by the Defendants were "published" by the Defendants to persons other than Plaintiff.

Amended Complaint for Damages- Page 9 of 11

5.29. The statements made by Defendants exposed Plaintiff to hatred, harassment, contempt, ridicule or obloquy, and deprived him of the benefit of public confidence or social intercourse.

5.30. As a direct and a proximate result of the Defendants' conduct, the Plaintiff is entitled to recover judgment against the Defendants, in such amounts as will be proven at the time of trial and to be set by the court.

**G. Intentional Infliction of Emotional Distress/Outrage**

5.31. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

5.32. Defendant Green's and Defendant Gardner's conduct towards Plaintiff is extreme and outrageous, going beyond the bounds of common decency.

5.33. At all times material hereto, Defendants Green and Gardner were employees of the City of Oak Harbor and acting within the course and scope of their employment and authority.

5.34. As set forth above, Defendants Green and Gardner intentionally sought to embarrass, harass and humiliate Plaintiff.

5.35. Because Defendant Green and Defendant Gardner were acting in furtherance of and within the course and scope of their employment, Defendant City of Oak Harbor is liable under the theory of *respondeat superior*.

5.36. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered extreme emotional distress and is entitled to recover judgment herein, against the Defendants in an amount to be determined at trial.

LAW OFFICES OF
**Christon C. Skinner, P.S.**
791 SE Barrington Drive
Oak Harbor WA 98277
Tel. (360) 679 1240 · Fax (360) 679 9131

## VI. REQUEST FOR RELIEF

The Plaintiff requests the entry of judgment against the Defendants, jointly and severally as follows:

6.1. For an award of damages in an amount to be proven at trial, for false arrest, false imprisonment, defamation, intentional infliction of emotional distress and constitutional violations.

6.2. For an award of punitive damages, as permitted by federal law, in an amount to be proven at trial for Defendant Green and Defendant Gardner's violation of Plaintiff's constitutional rights.

6.3. For an award of attorney's fees and costs incurred by Plaintiff in pursuing this action as allowed by law, contract or equity; and

6.4. For such other and further relief as the court deems just and equitable.

DATED this _____ day of September 2015.

LAW OFFICES OF CHRISTON C. SKINNER, P.S.

By_____
CHRISTON C. SKINNER/ #9515
Attorneys for Plaintiff

Amended Complaint for Damages- Page 11 of 11